FILED

OCT 21 1968

JUDICIAL PANEL FOR
MULTIDISTRICT LITIGATION
PER _____
PROVISIONAL CLERK

THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE MULTIDISTRICT CIVIL ACTIONS         )
INVOLVING THE AIR CRASH DISASTER AT       )
THE GREATER CINCINNATI AIRPORT            )     DOCKET NO. 8B
(CONSTANCE, KENTUCKY) ON NOVEMBER 20,     )
1967                                      )

OPINION AND ORDER TRANSFERRING CIVIL ACTIONS
UNDER SECTION 1407, TITLE 28, UNITED STATES CODE,
TO THE EASTERN DISTRICT OF KENTUCKY

BEFORE ALFRED P. MURRAH AND JOHN MINOR WISDOM, CIRCUIT JUDGES, AND
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S.
LORD, III, AND STANLEY A. WEIGEL, DISTRICT JUDGES

ALFRED P. MURRAH, CHIEF JUDGE

This matter came on for consideration on August 8, 1968 pursuant to the Panel's order to show cause why the actions listed on the attached Schedule A should not be consolidated and transferred to a district or districts other than those in which they are now pending. This order was entered on the initiative of the Panel as authorized by 28 U.S.C. §1407(c)(i).

When the show cause order was filed, there were fourteen actions pending in six different federal courts, clearly *multidistrict litigation*.[1]/ These actions all arose from the crash of TWA Flight 128 as it

---

[1]/ We were advised at oral argument that another action, Sandish v. Trans World Airlines has been filed in the United States District Court for the Western District of Pennsylvania. That case is necessarily excluded from this order as counsel for the parties were not given notice of the hearing.

made its final approach to the Greater Cincinnati Airport on the evening of November 20, 1967. Seventy of the eighty-two persons on board were killed and the remaining twelve injured.

At the hearing on the order to show cause, Mr. James M. Jefferson, counsel of record for some of the plaintiffs, advised the Panel that he was authorized to state that all plaintiffs favored consolidation and transfer of all cases to the Eastern District of Kentucky. Although counsel for defendant Trans World Airlines objected to consolidation and transfer at this time, he agreed that if a transfer was to be made, those cases not presently pending in the Eastern District of Kentucky should be transferred to that district. Chief Judge Mac Swinford is willing and able to undertake and coordinate pretrial proceedings in these fourteen cases as well as in any others which may be filed in, or transferred to that court in the future. We agree that the Eastern District of Kentucky, the situs of the crash, is the most convenient forum as most, if not all of the witnesses, and much of the documentation are located within or convenient to that district.

Counsel for the airline urges that section 1407 action would be premature since additional actions may be filed in federal court by some or all of the 49 passengers on whose behalf no action has yet been commenced. More than half of these passengers resided in or are represented by counsel from either the Cincinnati or Pittsburgh area and their inclusion would not disturb our finding that the Eastern District of Kentucky is the proper forum to conduct the consolidated pretrial proceedings.

Counsel for General Dynamics Corporation[2] emphasizes that Convair is at present a named defendant in only one action,[3] and he urges the Panel to sever that claim prior to transfer on the basis that section 1407 is inappropriate where there is a single claim against a single defendant. But section 1407 is not operative only where there is multidistrict litigation involving common plaintiffs or defendants. The initial criteria is whether the litigation involves "one or more common questions of fact." 28 U.S.C. §1407(a). General Dynamics argues that any facts concerning its negligence can not be *common* since such facts could be used to *establish* liability only in the case in which it is a named defendant.[4] However, these facts are equally relevant in the cases involving only Trans World Airlines to establish lack of liability on the part of the airline. We fail to see how any facts relating to the cause of the crash could be anything but *common* to all negligence actions arising from the crash.

Counsel for the plaintiffs makes the rather novel request that we sever the issue of damages prior to transfer to allow the respective transferor courts to determine the questions of damages in advance of any determination of liability. This we decline to do.

---

[2] The Convair Division of General Dynamics is the manufacturer of the aircraft which was involved in the crash.
[3] We have been advised that at least two other actions will be filed in different districts naming Convair as a defendant.
[4] Kashkin v. TWA, et al., C.D., Calif., No. 67-1783-FW.

IT IS THEREFORE ORDERED that the ten actions listed on the attached Schedule A pending in districts other than the Eastern District of Kentucky be and the same are hereby transferred on the initiative of the Panel under 28 U.S.C. §1407 to the Eastern District of Kentucky and assigned to the Honorable Mac Swinford, Chief Judge of said district, with the consent in writing of that court which has been filed with the Clerk of the Panel

SCHEDULE A

### CENTRAL DISTRICT OF CALIFORNIA

1. Coy, et al. v. TWA — Civil Action No. 67-1772-EC
2. Kashkin v. TWA — Civil Action No. 67-1783-FW
3. Bauman v. TWA — Civil Action No. 68-208-CC

### WESTERN DISTRICT OF PENNSYLVANIA

4. Doherty, Exec. v. TWA — Civil Action No. 67-1511

### SOUTHERN DISTRICT OF OHIO

5. Zahneis, Extrix v. TWA — Civil Action No. 6644
6. Schiller v. TWA — Civil Action No. 6645
7. Cook, Administrator v. TWA — Civil Action No. 6804
8. Cook, Guardian v. TWA — Civil Action No. 6805

### NORTHERN DISTRICT OF ILLINOIS

9. Raed, Admr. v. TWA — Civil Action No. 68 C 110

### WESTERN DISTRICT OF KENTUCKY

10. Klette, Admr. v. TWA — Civil Action No. 5892

### EASTERN DISTRICT OF KENTUCKY

11. Hawthorn, Admr. of Chas. Mullen Estate v. TWA — Civil Action No. 1341
12. Hawthorn, Admr. of John Mullen, Jr., Estate v. TWA — Civil Action No. 1342
13. Hawthorn, Admr. of Clara Mac Mullen Estate v. TWA — Civil Action No. 1343
14. Hawthorn, Admr. of John Mullen, Sr., Estate v. TWA — Civil Action No. 1344